# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| PLAINTIFF NO. 1, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 21-1220C |
| THE UNITED STATES OF AMERICA, | ) ) ) | (Filed: July 14, 2021) |
| Defendant. | ) ) ) | |

*Linda Lipsett*, Bernstein & Lipsett, P.C., Washington, DC, for Plaintiffs. *Jules Bernstein*, Bernstein & Lipsett, P.C., Washington, DC, Of Counsel. *Daniel M. Rosenthal* and *Alice Hwang*, James & Hoffman, P.C., Washington, DC, Of Counsel.

*Rafique O. Anderson*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Brian M. Boynton*, Acting Assistant Attorney General, *Martin A. Hockey, Jr.*, Acting Director, and *Deborah A. Bynum*, Assistant Director, for Defendant.

## OPINION AND ORDER

Currently before the Court is the government's motion to dismiss both the complaint in this case, ECF No. 1, and Plaintiffs' request for a temporary restraining order ("TRO"), ECF No. 2. See Def.'s Mot. to Dismiss Pls.' Req. for a TRO and Compl. for Lack of Jurisdiction and Mot. to Vacate the Ct.'s April 26, 2021 Order ("Def.'s Mot."), ECF No. 22. The government seeks dismissal on the grounds that the Court lacked jurisdiction over the case because the complaint, alleging a breach of the parties' settlement agreement, requested only equitable relief, and not money damages. Id. at 5–6.

Also before the Court is the government's motion under Rule 60(b)(4) and (b)(6) of the Rules of the Court of Federal Claims ("RCFC") asking that the Court vacate the Order it issued in this case on April 26, 2021 ("April 26 Order"). Id. at 7–8. In that Order, the Court directed the government to provide Plaintiffs with IRS Form W-2s, Wage and Tax Statements, as required by an earlier settlement agreement that was reached in Plaintiff No. 1, et al. v. United States, Case Nos. 18-393C, 19-242C, 19-813C (Consolidated). Order at 1, ECF No. 15. The Court issued the Order after it learned that, despite the representations counsel made to the Court during a status conference held on April 19, 2021 (a few days after the complaint in this case was filed), the government had not yet sent the form W-2s to the Plaintiffs. See ECF Nos. 14 & 15.

The government has complied with the Court's April 26 Order, and Plaintiffs withdrew their request for a TRO as moot on May 24, 2021. ECF No. 19; see also Order, ECF No. 20 (July 6, 2021 Order denying Plaintiffs' Motion for at TRO as moot and staying case at parties' request

to permit settlement discussions). In addition, on July 8, 2021, Plaintiffs filed a Notice of Dismissal with prejudice pursuant to RCFC 41(a)(1)(A)(i). ECF No. 21.

Plaintiffs filed their notice of dismissal before the government had "serve[d] an answer, a motion for summary judgment, or a motion for judgment on the administrative record." RCFC 41(a)(1)(A)(i). It is well established that the filing of such notice "is immediately" effective to terminate the litigation and divest the Court of jurisdiction. Qureshi v. United States, 600 F.3d 523, 525 (5th Cir. 2010) (explaining that a Rule 41(a)(1)(A)(i) motion "is immediately self-effectuating" and that the Court "is divested of jurisdiction over the case by the filing of the notice of dismissal itself"); see also Ilaw v. United States, 632 F. App'x 614, 619 (Fed. Cir. 2015). Therefore, the government's motion to dismiss the complaint in accordance with RCFC 12(b)(1) is denied as moot. Its motion to dismiss the request for a TRO is similarly moot as the Plaintiffs already withdrew the request, ECF No. 19, and the Court in any event formally denied it based on mootness, ECF No. 20.

As noted, the government has also requested that the Court vacate its April 26 Order under RCFC 60(b)(4), which provides that "the court may relieve a party . . . from a final judgment, order, or proceeding" where "the judgment is void." This provision is inapplicable because the Court never entered any judgment in this case. There is therefore no void judgment on which relief from an order may be based. Further, as noted, the case has been dismissed with prejudice through the Plaintiffs' notice discussed above, and, in any case, the government has already complied with the Court's April 26 Order. See ECF No. 19.

In its motion, the government also cites RCFC 60(b)(6), which allows the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" based on "any other reason that justifies relief." Def.'s Mot. at 7. But that provision is reserved for "exceptional or extraordinary circumstances." Louisville Bedding Co. v. Pillowtex Corp., 455 F.3d 1377, 1380 (Fed. Cir. 2006). And the government provides no argument based on RCFC 60(b)(6) to explain why relief is justified, beyond the reason that the Court has found insufficient to justify relief under RCFC 60(b)(4).

Finally, the Court notes that, during the telephonic status conference held on the motion today, counsel for the government stated that the government filed its motion because it did not want plaintiffs in other cases to cite this case as precedent for what the government argues is an improper exercise of jurisdiction by the Court of Federal Claims. This sort of potential "harm" does not provide grounds for relief under Rule 60(b) and, in any case, the government's fears are misplaced. Until it filed the pending motions, the government had not raised any objections to the Court's exercise of jurisdiction over this case. In addition, the case moved quickly because the government agreed almost immediately to take the actions Plaintiffs were requesting in their complaint. As a result, the Court never made any decision regarding the jurisdictional issues the government raises in its pending motions. It would be a mistake, therefore, for any party to cite this case as saying anything at all about the Court's jurisdiction in this or any other case.

Pursuant to the foregoing, the government's motion, ECF No. 22, to dismiss the complaint in accordance with RCFC 12(b)(1) is **DENIED as moot**, and its motion for relief pursuant to RCFC 60(b)(4) and/or RCFC 60(b)(6) is also **DENIED**.

**IT IS SO ORDERED.**

                                                  s/ Elaine D. Kaplan
                                                  ELAINE D. KAPLAN
                                                  Chief Judge